UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Juarez Bibbs, | § | |
| *Plaintiff*, | § § § | |
| v. | § | Civil Action No.  SA-11-CA-671-XR |
| Heather Hollub and W.C. Kirkendall, | § § § § | |
| *Defendants*. | § § | |

**ORDER ACCEPTING UNITED STATES
MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION**

On this date the Court considered the United States Magistrate Judge's Memorandum and Recommendation (Doc. No. 13) in the above-numbered and styled case, and the Plaintiff's objections thereto. After careful consideration, the Court will accept the recommendation and dismiss this case.

**I.     Background**

Juarez Bibbs is an inmate in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ–CID), and is currently serving a sentence for possession of a controlled substance. While in custody in Texas, Bibbs filed two state habeas corpus applications under Article 11.07 of the Texas Code of Criminal Procedure, the Texas habeas corpus procedure statute. In his first habeas application, filed on June 6, 2005, Bibbs alleged four instances of ineffective assistance of counsel and two instances of jury misconduct. That application was denied by the Texas Court of Criminal Appeals on January 24, 2007. In his second habeas application, filed on February 26, 2010, Bibbs claimed that he was actually innocent of the crime for which he was convicted. He claimed he had been under duress and was forced to commit the crime.

To support this actual innocence claim, Bibbs submitted an affidavit from himself and from a woman named Ruth Bibbs, setting out the facts of a duress defense. Bibbs claimed that this constituted newly discovered evidence. That application was dismissed as successive by the Texas Court of Criminal Appeals on April 14, 2010.

On August 5, 2011 Bibbs brought this lawsuit under 42 U.S.C. § 1983, seeking a declaration that Article 11.07 of the Texas Code of Criminal Procedure is unconstitutional as applied to him. Bibbs's initial complaint contained three claims in which he set forth his reasons for contending that Article 11.07 was unconstitutional:[1] (1) it allowed the State District Court to summarily deny his claims without filing a response, thus denying Bibbs adequate notice of the court's intent to deny the writ; (2) it allowed the State District Court to deny his claims without giving Bibbs an opportunity to respond or object to the State court's decision to deny the claims; and (3) it allowed the State District Court to summarily deny his claims without giving Bibbs some form of hearing. These claims all pertained to the denial of Bibbs's first state habeas application. When the Magistrate Judge issued his recommendation that these complaints be dismissed, Bibbs asked for, and was granted, leave to file an amended complaint. In his amended complaint Bibbs added a fourth claim that Article 11.07 was also unconstitutional because it allowed the State District Court to summarily deny his claims of actual innocence in his second state habeas application without a hearing or response.

The Magistrate Judge has concluded that all four of Bibbs's claims are barred; the first three because they are barred by the applicable statute of limitations, and the fourth because it fails to state a cause of action for which relief can be granted. For the reasons stated below, this Court finds the

---

[1] Although Bibbs's complaint erroneously cites Guadalupe County specifically, this Court addresses his complaint as if it was directed to the 25th Judicial District Court of Guadalupe County.

Magistrate Judge's recommendations with regard to all four claims to be consistent with the law as it is currently formulated and as such accepts the Report and Recommendation.

## II. Legal Standard

When a party objects to the Magistrate Judge's Report and Recommendation, the Court is required to make a de novo determination. 28 U.S.C. § 636(b)(1)(C). Such a review means that the Court will examine the entire record and will make an independent assessment of the law. The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987). In this case, Bibbs objected to the entirety of the Magistrate Judge's recommendation. As such, the Court conducted a de novo review of the whole recommendation.

## III. Analysis

### A. The Court accepts the recommendation that Bibbs's first three claims related to his first state habeas are barred by limitations.

The Court agrees with the Magistrate Judge's determination that Bibbs's first three claims challenging the constitutionality of Article 11.07 are barred by the applicable statute of limitations and, as such, the Court accepts this recommendation. Because Congress has not established a federal statute of limitations for actions under § 1983, in such cases courts apply the general personal injury limitations period of the forum state. *Owens v. Okure*, 488 U.S. 235, 249–50 (1989). In Texas, the limitations period is two years. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003. Ordinarily, the limitations period for a cause of action under a § 1983 claim will begin to run "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (quoting *Russel*

*v. Bd. of Trustees*, 968 F.2d 489, 493 (5th Cir. 1992), *cert. denied* 507 U.S. 914 (1993)). Thus, in Bibbs's case, the limitations period began to run, at the latest, when the Texas Court of Criminal Appeals denied Bibbs's first habeas application on January 24, 2007. Accordingly, Bibbs should have filed his § 1983 claim within two years of that date, to-wit, before January 24, 2009, rather than the time he actually filed, in August of 2011.

Plaintiff contends that the limitations period should not have begun to run until the Supreme Court issued its decision in *Skinner v. Switzer* on March 7, 2011. *Skinner*, 131 S. Ct. 1289, 1300 (2011). In *Skinner*, an inmate brought a § 1983 action against the District Attorney who brought charges against him, seeking additional DNA testing in a case regarding the murder of his girlfriend and her two sons. *Id.* The issue presented for the Court's review was whether "a convicted state prisoner seeking DNA testing of crime-scene evidence [may] assert that claim in a civil rights action under 42 U.S.C. § 1983 . . . [.]" *Id.* at 1293. The Court's opinion in *Skinner* acknowledged their historical recognition of § 1983 causes of action. *See Skinner*, 131 S. Ct. at 1293 (citing *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) ("Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.")). *Wilkinson*, decided seven years before *Skinner*, clearly allowed for the constitutionality of state court postconviction procedures to be challenged under § 1983. *See id. Skinner* merely reiterated that a § 1983 claim would be allowed as long as the prisoner was not using § 1983 "to obtain relief where success *would necessarily* demonstrate the invalidity of confinement or its duration . . . ." *Wilkinson v. Dotson*, 544 U.S. 74, 74–75 (2005). Because it has long been the rule that the constitutionality of state court postconviction procedures can be challenged under § 1983, the Court's decision in *Skinner* has no bearing on the running of the limitations period in Plaintiff's case. *See id.* As such, Plaintiff's first habeas claims

4

are still barred by the statute of limitations. Accordingly, this Court finds that the Magistrate Judge's determination was consistent with the law and accepts the recommendation. However, because the fourth claim alleged in Plaintiff's amended complaint relates to the second habeas petition, the Court agrees with the Magistrate that it is not barred by the statute of limitations.

> **B. The Court accepts the recommendation that Bibbs's claims, with regard to his second habeas application, fail to state a cause of action for which relief may be granted.**

The court agrees with the Magistrate Judge's determination that Bibbs's claim regarding the constitutionality of Article 11.07 must be dismissed for failure to state a cause of action for which relief may be granted, and as such, the Court accepts this recommendation. Bibbs' fourth claim reiterates his first three claims, made in regards to his first habeas application, and adds an additional complaint related to his second habeas application. Bibbs's second habeas application asserted a claim of actual innocence, which Bibbs contends could be proved by newly discovered evidence. In Bibbs's amended complaint, he contends that the dismissal of his second habeas application without a hearing violated his constitutional rights.

> **1. Bibbs's Complaint Against the County**

In Bibbs's amended complaint, he names a current and a former District Attorney from Guadalupe County as defendants but alleges that *Guadalupe County* has violated his constitutional rights by: 1) failing to file a response to the claims advanced in his writ; 2) failing to give Plaintiff an opportunity to respond or object to the State court's decision to deny the claims; 3) failing to give Plaintiff some form of hearing on the claims raised in his first habeas application; and 4) summarily denying his claims of actual innocence in his second writ without a hearing, or responding. In analyzing a § 1983 claim against a municipality, like a city or a county, "the court must decide if the

governmental entity promulgated 'an official policy, practice, or custom,' which could subject it to § 1983 liability." *County of El Paso v. Dorado*, 180 S.W.3d 854, 864 (Tex. App.—El Paso 2005). The Plaintiff has pled no facts that show an "official policy, practice, or custom" of Guadalupe County which led to his constitutional rights being violated. Indeed, the defendants named, current and former District Attorneys, had no part in the decisions made by the District Court, the actions of which Plaintiff claims violated his rights.

**2. In the alternative, in analyzing Plaintiff's claim against the actions taken by the District Court, Plaintiff's complaints fail because of judicial immunity.**

It is firmly established law that judges acting in their official capacity have absolute immunity from liability and suits for acts performed within the scope of their capacity as judges. *See Pierson v. Ray*, 386 U.S. 547, 553–54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction . . . ."). Absolute judicial immunity can only be overcome for "actions not taken in the judge's judicial capacity[,]" or "for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (citing *Forrester v. White,* 484 U.S. 219, 227–29 (1988), *Stump v. Sparkman,* 435 U.S. 349, 360 (1978)). To the extent that Plaintiff is complaining of actions taken by the District Court, the District Court's actions are absolutely protected by judicial immunity, as the actions in question were taken "in the judge's judicial capacity" and not "in the complete absence of all jurisdiction. *Id.*

6

### 3. Even if Plaintiff's claim were analyzed on its merits, Plaintiff's claims fail to state a cause of action for which relief may be granted.

Even assuming, *arguendo*, that Plaintiff's claims do not fail for the reasons above, Plaintiff's claims would still fail on the merits. As an initial matter, once a criminal defendant has been proved guilty at a fair trial, his liberty interests are not the same as a free man. *Dist. Att'y's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 68-69 (2009) ("Given a valid conviction, the criminal defendant has been *constitutionally* deprived of his liberty.") (emphasis added). Further, the Supreme Court has held that "[s]tates have no obligation to provide postconviction relief . . . ." *Pennsylvania v. Finley*, 481 U.S. 551, 552 (1987). Thus the form of postconviction relief provided by the states is largely within the discretion of the state. *See id.* ("States have substantial discretion to develop and implement programs to aid prisoners seeking to secure postconviction review."). In reviewing postconviction relief procedures, "[f]ederal courts may upset a State's postconviction relief procedures only if they are fundamentally inadequate to vindicate the substantive rights provided." *Osborne*, 557 U.S. at 69.

The test applied to Bibbs's claims is "whether consideration of [the] claim within the framework of the State's procedures for postconviction relief 'offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental,' or 'transgresses any recognized principle of fundamental fairness in operation.'" *Osborne*, 557 U.S. at 69 (quoting *Medina v. California*, 505 U.S. 437, 446, 448 (1992)). Because Bibbs has failed to plead facts sufficient to show the relief procedures provided by Article 11.07 offend some fundamental principle of justice, the Court accepts the Magistrate Judge's recommendation that his complaint be dismissed.

**a. Relief Provided by Article 11.07**

On its face, Article 11.07 of the Texas Code of Criminal Procedure provides adequate postconviction relief to comport with society's notions of "fundamental fairness." Article 11.07 has been found to provide an effective post-conviction remedy. *Flanagan v. State of Ariz.*, 313 F.Supp. 664 (S.D. Tex. 1970). The postconviction relief provided by the Texas habeas statute does not violate Bibbs's due process rights, as they exist for a criminal defendant already proved guilty.

Further, in applying the state post-conviction relief procedure to Bibbs's case, the sentencing court followed the provisions of the statute. Article 11.07 does not require a response to be filed, nor does it require that the convicted be given a hearing or an opportunity to respond to the convicting court's decision to deny his claims. The convicting court followed the letter of the statute; as such, there was no violation of society's notion of "fundamental fairness," and thus, no valid claim for relief. *See Osborne*, 557 U.S. at 69.

Section 3 of Article 11.07 lays out the initial process for petitioning for relief from final judgment. This process includes a review by the court in which the conviction being challenged was obtained to determine "whether there are controverted previously unresolved facts material to the legality of the applicant's confinement." TEX. CODE CRIM. PRO. Art. 11.07, § 3. Following this review, any determination made by the convicting court, regardless of whether "controverted, previously unresolved facts" exist, is reviewed by the Court of Criminal Appeals. *Id.*

In addition to an application for a writ under Section 3, Section 4 of Article 11.07 provides applicants with an opportunity to apply for a subsequent writ in the event that "the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application . . . because the factual or legal basis for the claim was

unavailable," or "by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt." TEX. CODE CRIM. PRO. Art. 11.07, § 4(a)(1)–(2). In such an application, the applicant must plead "sufficient specific facts," without which the merits of the application will not be considered. TEX. CODE CRIM. PRO. Art. 11.07, § 4.

Bibbs points to no provision in Article 11.07, or elsewhere, that provides him with a right to a hearing upon an application for subsequent writ claiming actual innocence. In conducting a habeas review, "[a]lmost total deference is accorded to the trial court's *factual* findings . . . ." *In re M.P.A.*, 364 S.W.3d 277, 283 (Tex. 2012). The state convicting court, in forwarding Bibbs's application to the Court of Criminal Appeals, impliedly made the determination that there was no need for an evidentiary hearing. Such a determination is well within the discretion of the convicting court. *See Tijerina v. Estelle*, 692 F.2d 3, 5 n.2 (5th Cir. 1982).

Bibbs availed himself of both opportunities provided in the Texas habeas statute and in each instance the reviewing courts denied his applications. While Bibbs's second application made claims of actual innocence, in order for the merits of Bibbs's application to be considered by the court, such claims needed to be supported by "sufficient specific facts" establishing one of the two above exceptions. TEX. CODE CRIM. PRO. art. 11.07, § 4. That the application was forwarded directly to the Court of Criminal Appeals implies that there were not "sufficient specific facts" to establish a claim of newly available evidence. TEX. CODE CRIM. PRO. art. 11.07, § 4. The subsequent writ process was built into the statute to protect the rights, although limited, of applicants; however, "for [a court] to review applications lacking a prima facie claim of actual innocence re-opens the door to potential abuse of the writ and ignores society's interest in finality of judgment." *Ex Parte Brooks*,

219 S.W.3d 396, 401 (Tex. Crim. App. 2007).

Bibbs cites Article 11.07 as support for his contention that the statute creates a liberty interest by using mandatory language requiring that certain action be taken, including that "the attorney representing the state . . . *shall* answer the application" and further, that "it *shall* be the duty of the convicting court to decide whether there are controverted, previously unresolved facts material to the legality of the applicant's confinement." *See* TEX. CODE CRIM. PRO. art. 11.07 § 3(b)–(c). However, also included in the statute is the default language that if there is no action taken by the attorney representing the state, such inaction leads to a presumption in favor of the state. *See* TEX. CODE CRIM. PRO. art. 11.07 § 3(b) ("Matters alleged in the application not admitted by the state are deemed denied."). Similarly, if the convicting court fails to take action in deciding whether there are "controverted, previously unresolved facts," such a failure also leads to a presumption in favor of the State. *See* TEX. CODE CRIM. PRO. art. 11.07 § 3(c) ("Failure of the court to act within the allowed 20 days shall constitute . . . a finding [that there are no 'controverted, previously unresolved facts].'").

Moreover, Plaintiff contends in his second complaint that it was a violation of his due process rights for the state district court to dismiss his second habeas application without a hearing on his "newly available evidence." Plaintiff's actual innocence claim was based on two affidavits, one from himself and one from Ms. Ruth Bibbs, in which a duress defense is laid out. Plaintiff claims that these affidavits constituted "newly available evidence," within the meaning of Section 4 of Article 11.07, which created a "genuine issue of material fact." Plaintiff's First Amended Complaint at 5; *see* TEX. CODE CRIM. PRO. art. 11.07 § 4(a)(1) (stating that the claim or issue could not have been presented previously "because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application."). Section 4 of Article 11.07 goes on to define what is meant

by the unavailability of the factual basis of a claim, stating "a factual basis of a claim is unavailable on or before a date described by Subsection (a)(1) if the factual basis was not ascertainable through the exercise of reasonable diligence on or before that date."  TEX. CODE CRIM. PRO. art. 11.07 § 4(c).

The affidavits presented by Plaintiff, however, do not constitute newly available evidence, as he had knowledge of the contents of the affidavits at the time of trial.  *See United States v. Ellison,* 557 F.2d 128 (7th Cir.1977), *cert. denied,* 434 U.S. 965 (1977) (quoting *United States v. Demopoulos,* 506 F.2d 1171, 1180-81 (7th Cir.1974), *cert. denied,* 420 U.S. 991(1975)) ("Newly discovered evidence must be newly discovered evidence. Where, as here, the facts alleged in support of a motion for a new trial were within the defendant's knowledge *at the time of trial*, such a motion may not be treated as one in the nature of newly discovered evidence . . . .") (emphasis added).  Although Ms. Ruth Bibbs was apparently unwilling to testify prior to the making of the affidavits, that fact does not make her subsequent affidavit "newly available evidence" within the meaning of Section 4 of Article 11.07.

Finally, even if there were some error in the State's denial of the writ process, this would not entitle Plaintiff to relief because "the complaint is an attack on the proceeding collateral to the detention and not the detention itself."  *Millard v. Lynaugh*, 810 F.2d 1403, 1410 (5th Cir. 1987).  Plaintiff has not pleaded facts sufficient to state a cause of action for which relief may be granted.  Therefore, this Court accepts the Magistrate Judge's recommendation.

**Conclusion**

For the reasons stated above, the Court ACCEPTS the Magistrate Judge's Memorandum and Recommendation (Doc. No. 13) in full and accordingly dismisses Juarez Bibbs's claims. No claims remain pending and the Clerk's office is directed to close this case and issue a final judgment.

It is so ORDERED.

SIGNED this 8th day of March, 2013.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE